Cleo HARRIS, Kim Glasgow and Ricky
Glasgow, Appellants,

v.

CITY OF KANSAS CITY, Missouri, and
Roy L. Jackson, Respondents.

No. WD 40055.

Missouri Court of Appeals,
Western District.

Aug. 2, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Gregory W. Vleisides, P.C., and Catherine A. Donnelly, Kansas City, for appellants.

Jeffrey Hess, Asst. City Atty., Kansas City, for respondents.

Before CLARK, P.J., and
LOWENSTEIN and FENNER, JJ.

CLARK, Presiding Judge.

Appellants sued the City of Kansas City and Roy L. Jackson, Director of the city water department, claiming that defendants were negligent in failing to inform the fire department, which was called to combat a blaze at appellants' residence, that water service in the area had been temporarily shut down. The trial court sustained defendants' motion to dismiss the case. The issue is whether appellants' petition stated a cause of action. We affirm.

The facts, for purposes of this appeal, are not in dispute. On October 3, 1985, water service in the area of appellants' residence was temporarily interrupted while repairs were made to a water line. That same day, a fire broke out in appellants' house and when the fire department responded, there was no water pressure at the nearby fire hydrant. This precluded any effective containment of the blaze and the property was destroyed. No notice had been given to the fire department by the water department of the water service shut-down and therefore the firefighters were unaware when they arrived at the scene that the hydrant would not operate for lack of pressure.

Defendants moved the trial court to dismiss the case on several grounds which

included the contentions that no cause of action upon which relief could be granted had been stated, that the city was protected from liability by sovereign immunity and that the water department director was protected by official immunity and by the public duty rule. The trial court sustained the motion without stating the basis for the ruling. Appellants contend the trial court was in error because (a) as to water department director Jackson, his duty through his employees to give notice of water service discontinuance was ministerial and therefore not cloaked with immunity, (b) as to the City, governmental immunity is not available because § 537.600.1(2), RSMo 1986, creates an exception in cases of dangerous conditions of property and (c) even were there immunity in these circumstances, application of the principle in this case would be unconstitutional because a denial of equal protection and free access to the courts.

The gist of appellants' asserted cause of action was negligence in the failure to give notice of the interruption in water service. Although the petition purports to rely on some unstated obligation by the water department owed to the fire department, these two components of the same municipal entity have no separate identity for purposes of assessing liability to a city resident. The duty owed by the water department to appellants is no more nor less than the duty owed by the city. It follows, of necessity, that acts or omissions by employees of the water department are relevant to this claim, not in any context of an inter-departmental breach of communications, but in the failure of the city to meet its obligations in having facilities for protection against fires. The petition allegations which seek to focus a charge of negligence against the "Water Department" serve only to obscure the fact that appellants' claim is for a lapse in fire protection. The question is whether the facts summarized earlier state a cause of action against the city in negligence.

■ The elements in an action for negligence are, the existence of a duty on the part of the defendant to protect the plaintiff from injury, the failure of the defendant to perform that duty and resulting injury to the plaintiff proximately caused by defendant's failure to perform the duty. *Sewell v. Belger Cartage Service*, 720 S.W. 2d 363, 369 (Mo.App.1986). The test of proximate cause is whether, after the occurrence, the injury appears to be the reasonable and probable consequence of the act or omission of defendant, not whether a reasonable person could have foreseen the particular injury. *St. John Bank & Trust Co. v. City of St. John*, 679 S.W.2d 399, 401 (Mo.App.1984).

■ Appellants' cause of action must rely on a duty owed them by the city, not on a duty owed the fire department by the water department, as their petition alleges. If appellants have any claim, it is against the city for its failure to provide fire protection when a shortage of water prevents the normal operation of firefighting apparatus. This consequence, the appellants contend, resulted because city employees were negligent in failing to give notice to the fire department of the water service interruption.

If it be assumed that there was a breach of a duty owed appellants by the city when there was no advice given the fire department that water would be shut off to the area affected by the water line repairs, appellants' cause nonetheless fails because the failure to give the notice was not the proximate cause of appellants' damages. The plain fact is, under the statements in appellants' petition, the property burned because there was no water at the hydrant. Notice to the fire department would not have altered this situation. With advance notice, there is no basis to expect that the fire department would have been any more effective in extinguishing the fire than was the case when notice was not received. The problem was not a lack of notice but a lack of water. The trial court was entitled to have dismissed the case on this ground, irrespective of any issue of immunity.

■ Despite this conclusion, some further comment on the question of governmental immunity is appropriate to lay to rest any suggestion that appellants' cause

may have failed by reason of a pleading error or omission.

As was set out earlier, and is not actually contested by appellants, the gravamen of their claim is the failure by the city to provide fire protection. Municipalities are, in general, not liable for torts arising out of the performance of governmental functions. *German v. Kansas City*, 512 S.W. 2d 135, 142 (Mo. banc 1974). A governmental function is one which involves the exercise of governmental power, assumed for the exclusive benefit of all the people in the community. *Dallas v. City of St. Louis*, 338 S.W.2d 39, 44 (Mo.1960). The creation of a municipal fire department is for the benefit of the general public, *Lawhon v. City of Smithville*, 715 S.W.2d 300, 302 (Mo.App.1986), and therefore any act or omission of the municipality associated with performance of this service is a governmental function for which the municipality ordinarily may not be held liable.

The extent of immunity from liability for performance of governmental functions is defined in § 537.600, RSMo 1986, which was enacted to restore governmental immunity as it existed at common law. That statute, however, waived immunity in cases of injuries arising out of the operation of motor vehicles by public employees in the course of their employment and in cases of injuries caused by the dangerous condition of the public entity's property. Appellants make a somewhat desultory argument that the failure to maintain continuous water service in the area of appellants' property constituted a dangerous condition for which § 537.600, RSMo 1986, has waived immunity.

The contention is specious. In the first place, the property in the vicinity of appellants' residence is not necessarily public property. If the claim is more narrowly addressed to the fire hydrant, there is no allegation that the hydrant was not in good repair. The dangerous condition to which the statute refers means a defect in the

physical condition of the property, *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985); *Jones v. St. Louis Housing Authority*, 726 S.W. 2d 766, 774 (Mo.App.1987).

It follows from the facts alleged in appellants' petition that if there were any defect in the city's property, a tenuous claim at best, it was because of some failure in the water lines for which cause repairs were under way. The statute, § 537.600.1(2), RSMo 1986, contemplates that the public body may be excused from liability, even for a dangerous condition, if measures are taken to protect against it. The claim appellants make arose only because the city had undertaken repairs to maintain water service and had temporarily interrupted service so that the repairs could be made. The discontinuance of water service in this circumstance is not by the broadest scope of the term a defect in the condition of city property.

Although appellants make no argument to this effect, it is possible that a municipality may waive its immunity for acts done in the performance of a governmental function, apart from the consequences arising out of operation of motor vehicles or the dangerous condition of property. That waiver under § 71.185, RSMo 1986,[1] results when the municipality purchases insurance. To establish liability, or a waiver of immunity under this statute, the plaintiff must plead and prove that the city carried liability insurance. *See Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 362 (Mo. App.1983); *Nelson v. City of Chester, Illinois*, 733 S.W.2d 28, 31 (Mo.App.1987). Here, not only did appellants make no such allegation, but the city has shown by affidavit that it carried no insurance.

Finally, as to appellants' contention that governmental immunity defined in § 537.600, RSMo 1986, unconstitutionally denies appellants equal protection and free access to the courts, that argument was

---

1. To the extent § 71.185, RSMo 1986, limits the liability of the city to the dollar value of the insurance coverage in cases of torts resulting from operation of motor vehicles or the dangerous condition of city property, repeal by implication was probably accomplished by the enactment of § 537.600, RSMo 1986. *See McCrory v. Missouri Highway and Transportation Commission*, 756 S.W.2d 575 (Mo.App.1988). That issue is not present here.

rejected in *Winston v. Reorganized School District R–2*, 636 S.W.2d 324 (Mo. banc 1982), which upheld entry of summary judgment as against a similar constitutional challenge.

The judgment is affirmed.

All concur.