Allen Joe WILSON, By and Through his next friend, Joe R. WILSON and Judy L. Wilson, Plaintiffs–Appellants,

v.

Beth K. STEPHENS, The Jefferson City School District and The Board of Education for the Jefferson City School District, Defendants–Respondents.

No. WD 40143.

Missouri Court of Appeals, Western District.

Sept. 13, 1988.

**298**

F. Randall Waltz, III, Waltz & Jordan, Jefferson City, for plaintiffs-appellants.

Duane E. Schreimann, Gerald E. Roark, Hendren and Andrae, Jefferson City, for Stephens.

Edwin L. Carlton, Oliver, Walker, Carlton & Wilson, Columbia, for Public School Dist. and Bd. of Educ.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

This suit was brought on behalf of Allen Wilson for personal injuries sustained by him and by his parents for their loss of services and medical expenses. The court entered summary judgment in favor of the Jefferson City School District and Board of Education. The jury assessed 0% fault against Beth Stephens and the court entered judgment in her favor.

Wilson contends there was insufficient evidence to support the verdict, instructional error, and error in entering judgment in favor of the School District and Board. Affirmed.

■ The jury returned its verdict on November 19, 1987, and the court entered judgment in favor of Stephens on that day. Summary judgment in favor of the other defendants had already been entered. The court entered an order granting Wilson an extra ten days to file post-trial motions. The motion for new trial was filed on December 7, 1987. Rule 78.04 requires a motion for new trial to be filed not later than 15 days after the entry of judgment and Rule 44.01(b) provides that the 15 day period cannot be extended by the trial court. The motion for new trial was filed more than 15 days after the judgment and preserved nothing for appellate review. *Citizens Bank of Dexter v. Hall Trailer Sales, Inc.,* 550 S.W.2d 233, 234[1, 2] (Mo.App. 1977). Review is sought on the ground of plain error under Rule 84.13(c).

■ Wilson first contends there was insufficient evidence to support the verdict finding that Stephens was 0% at fault and Wilson was 100% at fault. The principal question the jury had to resolve was whether Stephens ran into Wilson or whether Wilson ran into the Stephens car. A review of the evidence reveals substantial support for the verdict. Wilson stated that he was struck by the Stephens car while he was running with a football while playing on the playground of the school. A portion of the playground was being used for automobile parking by cast members of a play being performed at the school. Wilson stated he never saw the Stephens car before being struck. Stephens' version was that she was driving very slowly on the playground while looking for a place to park among several cars already parked

when Wilson ran into her car. Her version was supported by two people in the car immediately following her indicating that Wilson was running toward the Stephens car with his head turned in the opposite direction and thereby ran into the front fender. Such evidence was substantial and was sufficient to support the verdict.

■ Wilson next contends the court erred in giving the affirmative defense instruction which submitted his fault. Because the jury found no fault on the part of Stephens, any error in the instruction which submits the plaintiff's fault is harmless. *Guthrie v. Brown Quarries, Inc.*, 741 S.W.2d 738, 739[2] (Mo.App.1987).

■ Wilson also contends the court erred in entering summary judgment in favor of the Jefferson City School District and Board on the ground of sovereign immunity. Wilson's petition alleged a dangerous condition on the playground because it was used for the parking of automobiles. There was no allegation or proof that there was any dangerous condition in the physical condition of the school ground which contributed to cause the accident. In *Kanagawa v. State of Missouri By and Through Freeman*, 685 S.W.2d 831, 835[3] (Mo. banc 1985), the court held that the dangerous condition in § 537.600(2), RSMo 1986, refers to a physical condition of the public property. Here, the only allegation or proof was that the playground was being used as a parking lot. This was not an allegation of any defect in the condition of the playground and the court correctly entered summary judgment in favor of the School District and Board.

Finding no error, plain or otherwise, the judgment is affirmed.

All concur.