■
**Charles W. HOLLAND, by Next Friend,
Dixie HOLLAND, and Dixie Holland
and Charles Holland, Appellants,**

v.

**CITY OF FENTON, Respondent.**

**No. 54570.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 1988.

Rehearing Denied Dec. 14, 1988.

Jerome Wallach, Joan Dwyer, St. Louis, for appellants.

Eugene K. Buckley, J. Michael Waller, St. Louis, for respondent.

CRIST, Judge.

Plaintiffs appeal the order of the trial court dismissing their second amended petition against defendant (city) for negligence in creating and/or maintaining a dangerous condition in a public park owned and maintained by city. We affirm.

■ When reviewing the dismissal of a petition for failure to state a claim, the facts alleged are taken as true and the pleader is entitled to all inferences fairly deduced therefrom. *Counts v. Morrison-Knudsen, Inc.*, 663 S.W.2d 357, 360 [2] (Mo.App.1983). However, the conclusions of the pleader are not admitted. *Id.*

The facts as pled by plaintiffs consist of the following:

Count I alleges: (1) plaintiff-child was nearly twelve years old at the time of the accident; (2) the accident occurred when plaintiff-child visited a park owned and maintained by city; (3) plaintiff-child grasped a vine adjacent to a nature trail near a playground in the park; (4) the vine broke and plaintiff-child was injured; (5) the vine was created or maintained by the city and it had been altered or cut thereby becoming a swing which was a dangerous condition; (6) the city knew or should have known of the alteration but failed to correct it; (7) the nature trail was created and maintained by city; (8) cutting the vine caused it to die; (9) city knew or should have known the vine would be used by children to swing or climb on, and the vine would break if used for these purposes; and (10) plaintiff-child's injuries were a direct result of city's negligence.

Count II adopts the allegations in Count I and adds the following: (1) the soil in the area near the vine was contaminated; (2) the city knew or should have known the soil was contaminated and invitees of the park would climb or swing on the vine and fall onto the contaminated soil causing personal injury; (3) plaintiff-child did not know or could not have known the soil was contaminated; (4) plaintiff-child suffered injuries as a result of the contamination when he fell onto the soil; and (5) plaintiff-child's injuries were a direct result of city's negligence in failing to warn of the toxic soil or remove or treat the soil or isolate the area where the soil was located.

Count III repeats the allegations of Counts I and II and adds the following: (1) city knew or should have known children would be attracted to the park to climb or swing on the vine; (2) city permitted chil-

dren to play on and around the vine without intervention or deterrents; (3) city's creation and/or maintenance of the vine constituted a dangerous nuisance and an inherently dangerous condition; and (4) as a direct and proximate result of this condition plaintiff-child was injured.

In Count IV, plaintiff-parents adopt the allegations in Counts I and II and III and further allege plaintiff-child's injuries impaired his ability to perform services and function as their son resulting in pecuniary loss and damages to plaintiff-parents.

To survive a motion to dismiss, "[a] negligence petition must allege '(1) existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure.'" *Delmain v. Meramec Valley R–III School District,* 671 S.W.2d 415, 416 [3] (Mo.App.1984) (quoting *Scheibel v. Hillis,* 531 S.W.2d 285, 288 (Mo. banc 1976).

Plaintiffs assert the trial court erred in dismissing their petition because Counts I, II and III properly pled an action for negligence due to the dangerous condition of the property and Count IV pled a claim for loss of services. City contends the dismissal was proper because the city owed no duty to remove or relocate the vines which plaintiffs claim created the dangerous condition and the failure to do so was not a proximate cause of plaintiffs' damages. City does not raise sovereign immunity as a defense to plaintiffs' action.

■ A municipality has a duty to exercise ordinary care in maintaining public parks, but it is not required to remove every potential danger. *Bagby v. Kansas City,* 338 Mo. 771, 92 S.W.2d 142, 147 [5] (1936). The alleged dangerous condition in this case was a vine adjacent to a nature trail and the soil surrounding a nearby stream. If we find the city negligent for failing to remove these "dangers," then what about the surrounding trees and other elements which make up the nature trail? If we required the city to remove all possible hazards, it would mandate destruction of those elements of the park most people go to the nature trail to enjoy. *See*

*Taylor v. Kansas City,* 361 S.W.2d 797, 800–801 (Mo. banc 1962). We also fail to comprehend how a warning of the danger would have benefited plaintiff-child. It is apparent that a child of his years would realize swinging or climbing on a dead vine creates a risk of falling. *See Bagby,* 92 S.W.2d at 146 [3] (rock cliff itself was notice of danger more impressive than any warning sign).

■ Even if we assume the vine and soil constituted dangerous conditions, city would only have a duty to act if it had actual or constructive notice of the condition and the risk involved and had no reason to believe plaintiff-child would discover the condition or realize the risk. Plaintiffs' pleadings were deficient because they failed to plead facts sufficient to show city either cut the vine or had actual or constructive notice of the dangerous condition of the vine and the soil. Plaintiffs' conclusory statements in this regard are not sufficient.

Because of the aforementioned insufficiencies, we find plaintiffs' action was properly dismissed for failure to state a claim upon which relief can be granted.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.