Ollie CHASE, Appellant,

v.

CITY OF ST. LOUIS, Respondent.

No. 56202.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1989.

Coggan R. Mills, Michael A. Gross, Clayton, for appellant.

Stephen Joseph Kovac, Edward James Hanlon, Elkin Kistner, City Counselors, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Linda Thompson, Ms. Ollie Chase's daughter, lived in a rooming house at 5904 Cates Avenue in the City of St. Louis. The house caught fire around midnight on December 14, 1984, and the St. Louis fire department was summoned to fight it. Upon arriving, they discovered that the fire hydrants in the area were inoperable and they were unable to fight the fire. Linda Thompson was unable to escape from the burning house and died.

Ms. Ollie Chase, appellant, filed this action for the wrongful death of her daughter pursuant to RSMo § 537.080 (1978) on August 22, 1985. Appellant sued the City of St. Louis, (respondent) and Willie Mae House, the owner and lessor of the house, seeking one million dollars ($1,000,000.00) in damages. On September 27, 1985, the City of St. Louis filed a motion to dismiss appellant's claim. The trial court sustained this motion on December 6, 1985, and dismissed the claim against the City of St. Louis. Appellant and Ms. House subsequently reached a settlement and the cause was dismissed with prejudice by stipulation on January 23, 1989. Appellant filed her notice of appeal from the court's dismissal of the City of St. Louis on January 27, 1989.

Appellant asserts that the trial court erred in dismissing her claim against the respondent since her petition stated a cause of action in negligence and fell within the statutory exception to the doctrine of sovereign immunity. Respondent claims that the doctrine of sovereign immunity applies to this case. We affirm.

Appellant's petition attempts to hold respondent liable in negligence for its inability to fight the fire that caused her daughter's death. Generally, municipalities are not liable for torts which arise out of the performance of governmental functions. *Harris v. City of Kansas City*, 759 S.W.2d 236, 238 (Mo.App., W.D.1988). Fighting fires is such a function and, therefore, any act or omission of the municipality in providing fire protection can not ordinarily form the basis upon which to hold the

municipality liable. *Id.* *Berger v. City of University City,* 676 S.W.2d 39, 41–42 (Mo. App., E.D.1984). This principle of sovereign immunity is codified by RSMo § 537.600 (1978), which also contains the exception appellant seeks to invoke.

Missouri Revised Statute § 537.600.1(2) (1978) provides that a public entity's immunity is waived when the tort claim arises from a dangerous condition in the public entity's property. Missouri courts interpreted "dangerous condition" narrowly to only include defects in the physical condition of the property. *Kanagawa v. State,* 685 S.W.2d 831, 835 (Mo. banc 1985). A plaintiff who asserts a tort claim under this exception must allege facts which show: (1) a dangerous condition of the property; (2) that the plaintiff's injuries directly resulted from the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind plaintiff incurred; and (4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition in sufficient time to have taken measures to protect against this condition. *Id.*

In analyzing appellant's petition in light of the foregoing, we must take as true all well pled averments and if these averments and any reasonable inferences constitute any ground for relief, the petition should not be dismissed. *Pillow v. General American Life Insurance Company,* 564 S.W.2d 276, 279 (Mo.App., St.L.Dist.1978). Appellant argues that she has adequately pled the "dangerous condition" exception to sovereign immunity by the following allegations which appear in Count I of her petition:

6. The fire department responded to said alarm but water hydrants in the vicinity were inoperable the department was unable to fight the fire.

7. The deceased was an occupant in said premises at said time and as a direct and proximate result of the negligence of Defendant, died in said fire and Plaintiff is entitled to recover from said Defendant for the death of her said daughter the sum of $1,000,000.00 as provided by the applicable statutes of the State of Missouri.

We disagree.

Appellant's petition failed to allege any facts showing that the hydrants were physically defective and that this defect was created by the acts or omissions of the fire department or any city employee. While we acknowledge that "negligence" is not a conclusory allegation, negligence must be predicated on an act by the defendant (respondent). *Einhaus v. O. Ames Co.,* 547 S.W.2d 821, 825 (Mo.App., St.L.Dist.1976). Appellant's petition is completely devoid of facts showing how the hydrants were defective and her petition does not base her allegation of negligence on any act or omission by a city employee. Neither are there any facts alleging that the city had actual or constructive notice of a defect in time to take action to remedy it. RSMo § 537.600.1(2). *Kanagawa,* 685 S.W.2d at 835.

We find that appellant's petition merely alleges that a fire occurred which could not be extinguished because the fire hydrants would not work. If there was a defect, it was not alleged. We will not infer acts, omissions, or knowledge on the part of the City to hold it liable for an unalleged defect. The trial court's dismissal was not error.

Since we find that appellant's petition did not advance a cognizable cause of action against the City, we affirm the trial court's dismissal.

REINHARD and CRIST, JJ., concur.