**Mitchell HERZOG, Appellant,**

v.

**CITY OF ST. LOUIS, Respondent.**

No. 57311.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1990.

Application to Transfer Denied
July 31, 1990.

Donald L. Schlapprizzi, Gary A. Growe, St. Louis, for appellant.

James J. Wilson, Elkin L. Kistner, St. Louis, for respondent.

CRIST, Judge.

Plaintiff, Mitchell Herzog, appeals the trial court's order granting defendant's, City of St. Louis, motion to dismiss plaintiff's amended petition for failure to state a claim upon which relief could be granted. We affirm.

The facts leading up to plaintiff's petition are as follows: On October 18, 1985, Amy Ann Pike, plaintiff's wife, was driving her car in Forest Park on Washington Drive. Her car left the road and was submerged in the Post–Dispatch Lake. As a direct result of this occurrence, she died. Plaintiff, as the surviving spouse of decedent, filed a petition against City seeking compensation for wrongful death. City filed its motion to dismiss, alleging plaintiff's petition failed to state a claim upon which relief could be granted. Plaintiff alleged City negligently permitted a dangerous condition, i.e: a body of water immediately adjacent to a curb in a public way, to remain hard by Washington Drive. Thereafter, the trial court dismissed plaintiff's petition. Plaintiff's sole point on appeal is his amended petition stated a claim for relief.

■ In reviewing the dismissal of the petition for failure to state a claim, the

facts alleged are taken as true and plaintiff is entitled to all inferences fairly deduced therefrom. *Holland v. City of Fenton,* 761 S.W.2d 213, 214[1] (Mo.App.1988). Plaintiff had to allege: (1) the existence of a duty on the part of City to protect decedent from injury; (2) the failure of City to perform that duty; and (3) decedent's death resulting from such failure. *Id.* at 215[1].

Plaintiff alleged in part:

[O]n October 18, 1985, Amy Ann Pike was driving her 1983 Toyota in a southeasterly direction on Washington near its intersection with Government when her vehicle went off the travel portion of the road, down the abutting embankment, and was thereafter submerged in the Post–Dispatch Lake. As a result, Amy Anne Pike died; Her death was a direct and proximate result of defendant's negligence in that defendant caused, allowed and permitted a dangerous condition, i.e.: a body of water immediately adjacent to a curve in a public way, to be and remain hard by Washington Drive, so that it involved an unreasonable risk to the decedent, who was travelling on said roadway; further, defendant knew or in the exercise of ordinary care could have known of this aforesaid hazardous condition in time to adequately warn of same, but defendant failed and neglected to do so....

The seminal issue is whether City had a duty to barricade or warn against deviation from the road into the lake in a park. City had a duty to exercise ordinary care to maintain Washington Drive near its intersection with Government in a reasonably safe condition. *Lavinge v. City of Jefferson,* 262 S.W.2d 60, 63[4–7] (Mo.App. 1953). It did not have a duty to maintain such street in such perfect condition as to preclude the possibility of an accident by decedent at the time and place alleged. *Id.* City's maintenance of a lake "hard by" a curve in Washington Drive, in its park, was not, in and of itself, maintenance of a dangerous condition. *See Holland,* 761 S.W.2d at 215[2]. Plaintiff's petition did not allege a duty to barricade or warn of

an alleged defect in the road itself. Plaintiff's petition does not state a claim upon which the city could be rendered liable. *See Watson v. Kansas City,* 499 S.W.2d 515, 518–519[3, 4] (Mo. banc 1973); *Sparks v. Kansas City,* 236 Mo.App. 710, 160 S.W.2d 819, 822[5] (1942).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.