**Kristyna S. FOX, Plaintiff/Appellant,**

v.

**CITY OF ST. LOUIS, Defendant/Respondent.**

No. 59713.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 15, 1991.

**23**

AHRENS, Judge.

Plaintiff, Kristyna Fox, appeals from an order of the trial court sustaining a motion for summary judgment filed by defendant, City of St. Louis, in plaintiff's action for personal injury and property damage. We reverse and remand.

Appellant in her petition alleged that on June 30, 1988, she was driving northbound on 11th Street when her vehicle collided with an automobile being driven westbound on St. Charles Street. Appellant contends the accident and her injuries resulted from a dangerous condition of which respondent knew or should have known, in that the stop sign for westbound traffic on St. Charles Street was not in place, but respondent nevertheless failed to repair, remedy, or warn of the condition.

Respondent filed a motion to dismiss the petition for failure to state a claim, which the trial court overruled. Respondent then filed a motion for summary judgment on the grounds that: (1) the regulation of traffic is a legislative function, there is no liability for failure to authorize a traffic control device at a specific intersection, and appellant knew that no stop signs existed at the intersection; (2) under the public duty doctrine, respondent owed no duty to appellant as an individual to construct a sign or other traffic device at the intersection; and (3) appellant did not adequately plead negligence or an exception to sovereign immunity. The trial court granted respondent's motion for summary judgment without articulating the grounds for its decision; appellant responded with a motion to amend judgment requesting the court to state its reasons for granting respondent's motion. The court denied appellant's motion to amend and made final its order granting the motion for summary judgment.

■ Appellant contends the trial court erred in granting respondent's motion, since there exists a genuine issue of material fact concerning whether respondent had created a dangerous condition of property and thereby waived its sovereign immunity under § 537.600.1(2) RSMo (Supp.

Barken & Bakewell, C. Michael Bakewell, St. Louis, for plaintiff/appellant.

James J. Wilson, Brian S. Witherspoon, St. Louis, for defendant/respondent.

1989). In reviewing the trial court's ruling, we view the record in the light most favorable to the party against whom the motion was filed and accord that party the benefit of every doubt. *Hummel v. Metro. St. Louis Sewer Dist.*, 782 S.W.2d 451, 453 (Mo.App.1990). Summary judgment is proper only when there remains no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 74.04(c); *Schwartz v. Lawson*, 797 S.W.2d 828, 832 (Mo.App. 1990).

We find *Donahue v. City of St. Louis*, 758 S.W.2d 50 (Mo. banc 1988) dispositive of this case. In *Donahue*, our supreme court held that traffic controls such as stop signs are encompassed in the waiver of sovereign immunity under § 537.600 for negligent, defective, or dangerous design of roads and highways. *Donahue*, 758 S.W.2d at 52. Respondent attempts to distinguish *Donahue* by arguing that since no ordinance was ever passed authorizing the placement of a stop sign at the intersection, the instant case involves a failure to erect a traffic control device (a "discretionary," "broad policy decision") rather than a failure to maintain or repair one.[1] We are not persuaded by respondent's attempted distinction. To permit respondent to avoid liability as a matter of law for dangerous conditions created through technically "unauthorized" signs would frustrate the purposes of § 537.600. Further, pursuant to § 537.600, the court in *Wilkes v. Missouri Highway and Transp. Comm'n*, 762 S.W.2d 27 (Mo. banc 1988) reversed a summary judgment in favor of defendant based on a petition alleging, *inter alia*, the failure to erect signs warning plaintiff of an allegedly dangerous condition.[2] *See also*

*Cole v. Missouri Highway and Transp. Comm'n*, 770 S.W.2d 296 (Mo.App.1989) (court reversed trial court's dismissal of petition alleging failure to warn of allegedly dangerous condition through proper signing and road marking). Section 537.600 establishes an absolute waiver of immunity in the instances specified and abolishes any distinction between governmental and proprietary acts as a test of governmental liability. § 537.600.2 RSMo (Supp. 1990); *Donahue*, 758 S.W.2d at 52.

Respondent's contention that appellant knew no stop sign existed at the intersection in question is insufficient to support summary judgment. The court in *Cole* rejected the claim that a condition is "dangerous" as defined in § 537.600 only if it is dangerous to a negligence-free driver. *Cole*, 770 S.W.2d at 298–99. Proof of other negligence concurring with that of respondent to cause the accident would not defeat appellant's claim, but would only permit an apportionment of fault. *See id.* at 299.

Respondent's contention that the "public duty" doctrine shields the city from liability is also insufficient to support summary judgment. Although municipalities are not ordinarily liable for torts arising out of the performance of "governmental" functions benefitting the general public, the extent of such common law immunity is codified in § 537.600, and that section provides in part for express waivers of immunity in cases of injuries caused by the dangerous condition of the public entity's property. *Harris v. City of Kansas City*, 759 S.W.2d 236, 238 (Mo.App.1988); *accord Chase v. City of St. Louis*, 781 S.W.2d 571, 571–72 (Mo.App.1989). The statute consti-

1. There is no dispute that respondent exercised control over the property in question. An examination of city work orders by an administrator at the city's traffic division reveals that a stop sign was present at the intersection on December 11, 1986, but "most likely" absent on June 2, 1987. Respondent acknowledges that a stop sign existed at the intersection at the time of a city-wide survey in the summer of 1987, that no sign existed on the date of the accident, and that a sign was installed on August 16, 1988, after the accident giving rise to appellant's claim.

2. We reject respondent's attempt to distinguish *Cole* and *Wilkes* by arguing that in those cases there existed an "obscure" curve or a curve that caught motorists "unawares." Since *Donahue* held that traffic controls such as stop signs are encompassed in the waiver of sovereign immunity under § 537.600 for negligent, defective, or dangerous design of roads and highways, we fail to see the relevance of differences in the specific characteristics of the roads and highways giving rise to the allegedly dangerous conditions.

tutes a separate waiver of immunity even in those situations in which the "public duty" rule might otherwise apply to deny a civil action for damages for negligence arising out of duties to the general public. Except where the public entity can prove a "state of the art" defense to completely bar a plaintiff's recovery, the jury is to decide questions of defective design and dangerous condition of property as in all other tort cases. *Donahue,* 758 S.W.2d at 52–53.

■ Lastly, although we cannot determine on what grounds the court granted respondent's motion for summary judgment, we note that the court's overruling of respondent's motion to dismiss indicates the court did not base its ruling on the sufficiency of the pleadings. However, a review of appellant's petition indicates appellant failed to allege facts that show one of the four prerequisites that condition the waiver of immunity under § 537.600. Although appellant alleged that her injuries directly and proximately resulted from the dangerous condition of respondent's property, she failed to allege that the condition created a reasonably foreseeable risk of harm of the kind she incurred. *See Brown v. St. Louis County,* 792 S.W.2d 398, 401 (Mo.App.1990). Although a summary judgment may issue on the pleadings alone, in such case leave to amend should precede a summary adjudication. *Schwartz,* 797 S.W.2d at 833; *see also* Rules 55.33(a) and 67.06. Upon remand, appellant should be permitted to amend her petition to perfect the insufficiency of pleading.

Because the trial court erred in granting respondent's summary judgment on the basis of any of the grounds listed in respondent's motion, the judgment is reversed and the cause remanded for further proceedings.

KAROHL and SMITH, JJ., concur.