Paulette STEVENSON, as the Natural Guardian and Next Friend of Michellon Stevenson, a minor, Plaintiffs/Appellants,

v.

The CITY OF ST. LOUIS SCHOOL DISTRICT; and Jerome Jones, Superintendent of the St. Louis Public Schools; and Mrs. Jacquelyn B. Campbell, Principal and Agent of the District; and Richard K. Gaines, Penelope Alcott, Dorothy C. Springer, Earl E. Nance, Jr., Thomas S. Bugel, Eddie G. Davis, Louis P. Fister, Shirley M. Kiel, John P. Mahoney, Douglas K. Rush, Marjorie R. Smith, and Joyce M. Thomas, as members of and constituting the City of St. Louis Public Schools Board of Education, Defendants/Respondents.

No. 59541.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1991.

Application to Transfer Denied
Jan. 28, 1992.

John A. Walsh, Jr., Boas, Schneider & Walsh, St. Louis, for plaintiffs/appellants.

Margaret Muserlian Mooney, Sandra Allen Padgett, Kenneth C. Brostron, Lashly & Baer, P.C., St. Louis, for defendants/respondents.

CRANE, Judge.

Plaintiffs, Paulette Stevenson and her daughter, Michellon Stevenson, a student, filed a petition against the City of St. Louis School District and individual defendants for damages for injuries Michellon sustained when she fell into a stairwell while attending Mark Twain School, a St. Louis City public school. Defendants filed a motion to dismiss for failure to state a claim. Defendants asserted that the doctrine of sovereign immunity applied to the defendant Board of Education and the doctrine of official immunity applied to the individual defendants. The trial court granted the motion and dismissed all defendants. Plaintiffs appeal from this order. We affirm.

■ For their first point plaintiffs argue that a motion to dismiss may not be granted where reasonable minds can differ over the interpretation of the facts alleged in the petition. They further argue that because one judge denied defendants' motion to dismiss the original petition and a second judge granted the motion to dismiss the amended petition, a difference between reasonable minds was established, thus preventing dismissal. No authority is cited for this theory. Moreover the denial of the motion to dismiss is an interlocutory order and not a judgment on the merits. An interlocutory order remains under the control of the court making it and is subject to later review and alteration by the trial court. *Woods v. Juvenile Shoe Corporation of America*, 361 S.W.2d 694, 695 (Mo. 1962); *Thompson v. Hodge*, 348 S.W.2d 11, 13 (Mo.App.1961). Point I is denied.

■ For their second point plaintiffs claim that the trial court erred in granting the motion to dismiss for sovereign and official immunity because the petition alleged sufficient facts to show a waiver of immunity. The motion to dismiss the individual defendants was made on the grounds of official immunity. The trial court granted the motion without stating the grounds therefore. In such a situation we presume the dismissal is on the grounds stated in the motion. *Suburban Business Products v. T.E. Schmitt Co.*, 796 S.W.2d 77, 78 (Mo.App.1990). Although official immunity is mentioned in the point relied on, the argument portion of the brief contains no discussion of the dismissal of the individual defendants on the basis of official immunity. Plaintiffs have thereby abandoned any claim of error with respect to the liability of the individual defendants. *Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 236–37 (Mo.App.1980). We review the dismissal solely on the issue of whether the pleading stated a claim falling within an exception to the doctrine of sovereign immunity.

■ On review of a trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, the pleadings are given their broadest intendment, all facts alleged are treated as true, and all allegations are construed favorably to plaintiff. *Kanagawa v. State by and through Freeman*, 685 S.W.2d 831, 834 (Mo. banc 1985). However, the conclusions of the pleader are not admitted. *Holland v. City of Fenton*, 761 S.W.2d 213, 214 (Mo.App.1988).

In their amended petition, plaintiffs alleged that on May 8, 1987, nine year old Michellon and other students were descending a flight of stairs at Mark Twain Elementary School to attend a class on the lower floor. The stairs surrounded an

open stairwell, "guarded only by a bannister of a height which made it accessible to children of her age and size." Michellon and her classmates were in the "nominal care" of a teacher who was otherwise occupied and who exercised no supervision. Michellon and a number of other children proceeded to mount the bannister and slide down. It was known to teachers and the administration that students had previously slid down the bannister. While sliding down the bannister, Michellon lost her balance and fell, sustaining injuries. Plaintiffs specifically alleged:

4. That for the defendants to design, construct, maintain and fail to guard or barricade a bannister and stairwell so designed in the presence of small children in the care and charge of the defendants was to provide the plaintiff with an environment in which she was legally required to attend, containing a dangerous condition which was reasonably foreseeable as a cause of harm of the sort which plaintiff suffered, and here was a direct and proximate cause of harm to plaintiff.

5. That either by removing previously designed and constructed barricades or obstacles to such use of the bannister the defendants, through the negligent act of an employee, created the aforesaid dangerous condition, or the defendants had actual or constructive notice of the said dangerous condition in time thereafter to have remedied it and failed to do so, and in either event were thus negligent.

■ The Board of Education, as a subdivision of the State, is a public entity which is protected from an action in negligence by sovereign immunity. *Bartley v. Sp. Sch. Dist. of St. Louis Cty.*, 649 S.W.2d 864, 868 (Mo. banc 1983); *Johnson v. Carthell*, 631 S.W.2d 923, 926 (Mo.App.1982). Under the statute sovereign immunity is waived in cases involving injuries caused by the dangerous condition of public property. Section 537.600.1(2) RSMo 1986.

■ To state a claim under the dangerous condition exception, a plaintiff must allege facts which show: 1) a dangerous condition of the property; 2) that the plain-

tiff's injuries directly resulted from the dangerous condition; 3) that the dangerous condition created a reasonably foreseeable risk of harm of the kind that plaintiff incurred; and 4) that a public employee negligently created the condition or that the public entity had actual or constructive notice of the dangerous condition. *Brown v. St. Louis County*, 792 S.W.2d 398, 401 (Mo.App.1990).

■ As used in § 537.600.1(2), dangerous condition has a narrow meaning and refers to defects in the physical condition of the public entity's property. *Kanagawa*, 685 S.W.2d at 835; *Chase v. City of St. Louis*, 781 S.W.2d 571, 572 (Mo.App.1989); *Zubcic v. Mo. Portland Cement Co.*, 710 S.W.2d 18, 19 (Mo.App.1986); *Twente v. Ellis Fischel State Cancer Hospital*, 665 S.W.2d 2, 11–12 (Mo.App.1983). Our Missouri Supreme Court has held that the legislature sought to narrowly delimit the scope of § 537.600.1(2). *Bartley*, 649 S.W.2d at 868. "It would violate both this manifest legislative purpose and our policy of strictly construing [the] provision waiving sovereign immunity to hold that 'a dangerous condition' refers to a condition other than a defect in the physical condition of public property." *Kanagawa*, 685 S.W.2d at 835.

■ Our courts have required the property to be physically defective in order to constitute a dangerous condition. The petition must specifically allege a physical defect. *Chase*, 781 S.W.2d at 572. This concept includes the negligent placement or failure to remove foreign objects from an area where they create a hazard. *Alexander v. State*, 756 S.W.2d 539, 541 (Mo. banc 1988) (negligent placement of a folding room partition at the foot of a ladder on which plaintiff was working); *Jones v. St. Louis Housing Authority*, 726 S.W.2d 766 (Mo.App.1987) (negligent failure to remove debris on grounds). However, this concept does not include property which is not itself physically defective, but may be the site of injuries as a result of misuse or other intervening act. In *Herzog v. City of St. Louis*, 792 S.W.2d 39, 40 (Mo.App.1990), we affirmed the order dismissing a petition

which alleged a city's maintenance of a lake next to a curve in a road in a city park was a dangerous condition. The court held that this is not, in and of itself, the maintenance of a dangerous condition, even though an automobile which failed to negotiate the curve could fall into it. In *Wilson By and Through Wilson v. Stephens*, 757 S.W.2d 297, 299 (Mo.App.1988), the Western District affirmed the entry of summary judgment in favor of a school district on the grounds that the use of a playground as a parking lot is not a dangerous condition of the playground, even though a child could be injured by an automobile on the playground, when there is no allegation of any defect in the condition of the playground.

The Amended Petition is not clearly worded. Giving it its broadest intendment, we construe it to allege that the stairwell and banister in the Mark Twain School were dangerous conditions because they were open, accessible and unguarded. There was no allegation that the stairs or banisters were unsound, broken, loose, missing or otherwise in a defective condition. There was no allegation of litter or foreign objects on the stairs. If the stairs and bannister were used as intended, for walking up and down the stairs, they would not pose any danger. The activity of the children sliding down the banisters created the danger. The cases clearly indicate that sovereign immunity is waived only where the property is physically defective. The failure to barricade is not a physical defect. As *Herzog* and *Wilson* make clear, where the danger is created by the misuse of the property and not by physical defects in the property, sovereign immunity is not waived.

The judgment of the trial court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.