Cheryl A. CLAXTON, Plaintiff–Appellant,

v.

CITY OF ROLLA, Defendant–
Respondent.

No. 19706.

Missouri Court of Appeals,
Southern District,

June 26, 1995.

Ronald D. White, Williams, Robinson, Turley & White, Rolla, for appellant.

Stefan J. Glynias and Gerre S. Langton, St. Louis, for respondent.

PREWITT, Judge.

Plaintiff's petition alleged that defendant City of Rolla was negligent "acting through ... employees of its fire department" in failing to timely respond to the call for fire protection, failing to locate and rescue Plaintiff from the burning premises, and in failing to timely and adequately search the premises before attempting to extinguish the fire.

Plaintiff was asleep in a house when it caught fire. The owners and another occupant of the residence were also defendants. Pursuant to Defendant's motion, the trial court dismissed Plaintiff's petition against the city for failure to state a claim for which relief can be granted. *See* Rule 55.27(a)(6).[1]

Plaintiff appeals, presenting one point relied on:

The trial court erred in dismissing [Plaintiff's] petition as to the City of Rolla in that the petition stated sufficient facts to invoke substantive principles of law which entitled [Plaintiff] to relief because the City of Rolla had waived its immunity defenses since it purchased insurance which

1. The order of dismissal was entered on October 4, 1989, by Circuit Judge Jon S. Hutcheson. Following Plaintiff's appeal from that dismissal, this Court dismissed the appeal as premature. *See* Rule 74.01(b). Thereafter, on July 7, 1994, the matter was dismissed with prejudice as to the other defendants and Plaintiff again appealed. Previous to that appeal, Judge Hutcheson was replaced by Judge John D. Wiggins.

provided coverage for the injuries suffered by [Plaintiff].

Where a motion to dismiss has been sustained, this Court takes all properly pleaded facts as true and gives them every reasonable intendment. *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 684 (Mo. App.1992). The Court determines whether the petition, viewed in this light invokes substantive principles of law which entitle the plaintiff to relief. *Id.*

Citing *O'Dell v. City of Breckenridge*, 859 S.W.2d 166, 168 (Mo.App.1993), Plaintiff acknowledges in her brief that:

As a general rule, municipalities are not liable in tort for injuries which arise out of the performance of a governmental function. This includes the creation and operation of a fire department, and the municipality ordinarily bears no liability for any acts or omissions with respect to the performance of firefighting services.

The city had purchased liability insurance for tort claims and Plaintiff contends that it thus waived sovereign immunity under § 537.610 RSMo.1986 and § 71.185 RSMo. 1986. Plaintiff asserts that those sections and § 537.600 RSMo.Supp.1986 waived sovereign immunity in this situation "and abolishes the traditional distinction between governmental and proprietary functions in determining governmental liability", citing and primarily relying upon *Fox v. City of St. Louis*, 823 S.W.2d 22 (Mo.App.1991).

Section 71.185 authorizes a municipality to purchase liability insurance in order to protect itself against liability for property damage or personal injuries while in the exercise of governmental functions. However, to rely on this statute, Plaintiff must have stated facts which support liability against Defendant. *See Lawhon v. City of Smithville*, 715 S.W.2d 300, 302 (Mo.App.1986).

Statutory provisions that waive sovereign immunity are strictly construed. *State ex rel. Cass Medical Center v. Mason*, 796 S.W.2d 621, 623 (Mo. banc 1990). Missouri courts have declined to hold that § 71.185 creates a new legal duty inuring to the benefit of individuals who bring suits against public officers. *Lawhon*, 715 S.W.2d at 302.

Even if, as Plaintiff contends, sovereign immunity was waived here, the trial court correctly dismissed the claim against the city. To establish tort liability in a negligence action, there must be a legal duty on the part of the defendant to plaintiff. *Lawhon*, 715 S.W.2d at 302. Public officers, including those operating a municipal fire department, are not liable for "damages sustained by particular individuals when the breach by the officers runs from a duty owed to the general public." *Id.*

Whether sovereign immunity exists, damages for failing to properly respond to a fire by a city fire department may not be recovered because there is no duty toward the Plaintiff. *Id.* See also *O'Dell v. City of Breckenridge, supra; Berger v. City of University City*, 676 S.W.2d 39, 41–42 (Mo.App. 1984).

*Fox* does not call for a different result. It involved injuries caused by a dangerous condition of property for which liability is expressly allowed under § 537.600(2) RSMo. 1986. The abrogation of sovereign immunity in that situation does not eliminate the public duty doctrine here. *O'Dell*, 859 S.W.2d at 168–169.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.