262 S.W.2d 60 (1953)
LAVINGE
v.
CITY OF JEFFERSON.
No. 21898.
Kansas City Court of Appeals. Missouri.
November 2, 1953.
*61 Lauf & Bond, H. P. Lauf, John O. Bond, and John W. Goodin, Jefferson City, for appellant.
Curtis J. Quimby, Jefferson City, for respondent.
DEW, Judge.
The petition in this case seeks damages for personal injuries alleged to have been sustained by the plaintiff as a result of a collision of an automobile in which she was a passenger, with a concrete wall on private premises a few feet outside of a public street in Jefferson City. The verdict and judgment were in favor of the plaintiff in the sum of $5,000, from which the defendant has appealed. The sole question on appeal is whether the petition states a cause of action.
Defendant asserts that the failure of a petition to state a cause of action can be raised for the first time on appeal; that such failure deprives the court of jurisdiction to render a valid judgment on such petition; that the petition is based on a claim of negligence on the part of the city in failing to erect and maintain reasonable barriers or other safety devices to protect occupants of motor vehicles using the streets against dangerous conditions thereof known to it; that such safety measures are a governmental function in the performance of which a city is not liable for negligence; that a city is not liable for defects outside the traveled portion of its streets.
The pertinent facts alleged in the petition are that Swifts Highway is an eastwest public street in that city; that throughout its course of six-tenths of a mile east of the point in question Swifts Highway is a heavily traveled thoroughfare, maintained by the city, 25 feet wide, level and paved with asphalt and with curbings in place; that in the southwestern part of the city Swifts Highway makes an abrupt turn of 90 degrees to the left or south, at which point it is 18 feet wide, without curbings; that the said turning point is also the southern terminus of Myrtle Avenue, a graveled paved street running northward therefrom; that Swifts Highway, after its turn to the south of the T-formed intersection described, is concealed from the view of a motorist approaching from the east by a residence and elevated lawn; that the view of Myrtle Avenue north of the intersection is concealed by a four-foot stone wall and high cedar trees along the right side of Swifts Highway approaching the intersection; that such conditions at nighttime present the appearance of a continuation of Swifts Highway on westward from the intersection; that at the western edge of the T-intersection, there is a lawn of an abutting residence property which gradually slopes westward therefrom and at night the trees and shrubbery thereon do not indicate to a motorist that Swifts Highway does not continue westward from the said crossing; that "a few feet" beyond the western edge of the highway at the intersection, there is situated a low rock wall about a foot high and a foot thick, obscured at the time involved by grass and weeds at the west edge of the street; that beyond this wall about 30 feet is an abandoned swimming *62 pool on the private property mentioned; that the abrupt turn in Swifts Highway and the low concealed wall and other conditions above described constitute a dangerous condition and renders the street unsafe for occupants of motor vehicles who use the same without notice of such conditions and obstruction, affording them no opportunity to perceive the abrupt turn, slacken speed, or to learn of the concealed low rock wall; that the defendant knew, or in the exercise of ordinary care should have known, of such hazardous conditions and was "negligent in failing to erect and maintain reasonable barriers or to take such other similar measures as might be necessary to protect the occupants of motor vehicles in the use of the street".
The petition proceeds to allege that on the date in question at about 1:00 a. m. she was a passenger in an automobile operated by Paul Wegman, proceeding westerly on Swifts Highway; said automobile proceeded straight across the intersection described and struck the low rock wall near the westerly edge of that street with such force as to render the car out of control, causing the car to proceed downward into and upon the law of the abutting property with sufficient force to break another stone wall around an abandoned swimming pool, and injuring the plaintiff as set forth. It is averred that the injuries so claimed were sustained as a direct result of the collision, which directly and proximately resulted from the negligence of the defendant as above quoted.
It is true that the sufficiency of the petition to state a cause of action was not challenged before the first trial of this case. The judgment for plaintiff therein was set aside on her motion and a new trial granted on the issue of damages only, resulting in the present verdict and judgment. At no time during the proceedings in the trial court did defendant raise the question of the sufficiency of the petition to state a cause of action and it is raised here for the first time. Under such circumstances every reasonable intendment and implication should be indulged in favor of the petition in the determination of its failure wholly to state a cause of action. State ex rel. Schroeder & Tremayne v. Haid, 328 Mo. 807, 810, 41 S.W.2d 789; Nahn-Heberer Realty Co. v. Schrader, Mo.App., 89 S.W.2d 142. If the petition wholly fails to state a cause of action, the question can be raised for the first time on appeal. State ex rel. Fletcher v. Blair, 352 Mo. 476, 482, 178 S.W.2d 322.
We consider next defendant's contention that the negligence complained of in the petition is such as pertains only to direction of traffic by the city, and that such activity of a municipality is a governmental function in the performance of which it is not liable for negligence. The pleaded negligence specifically includes the failure to "erect and maintain barricades or to take such other similar measures as might be necessary to protect the occupants of motor vehicles in the use of said street". To barricade a dangerous place in or near a highway may do more than merely direct traffic around it,it may make traffic impossible over a certain dangerous course. We cannot say that the negligence pleaded is confined to mere failure properly to direct traffic and is therefore limited purely to governmental functions of the defendant. Authorities cited which concern mere direction of traffic do not apply to the petition in this case.
As to defendant's last point, it will be noted that the petition does not charge defendant with responsibility for the existence or location of the rock wall with which the car collided, or the grass and high weeds concealing it, or any of the other physical conditions existing within or without the streets at the intersection in question, and which she pleads constituted a hazardous condition, but charges negligence only in defendant's failure to provide barriers or to take similar measures to protect occupants of motor vehicles in the use of said street. The theory of the plaintiff, as expressed in her brief, is that the car struck an obstacle which "although not within the traveled portion of the street, was so near the traveled portion *63 as to render the street dangerous for travel thereon". The petition places the rock wall in question not merely outside of the traveled portion of the highway, but "a few feet" beyond the west edge of the street. Hence, it must be considered that the "obstacle" was not in the street itself, but a few feet beyond its western edge and upon private property abutting on an established turn in the street to the south and to the north.
This case involves a well-established general rule and its exceptions. It is the duty of a city to exercise ordinary care to maintain its streets in a reasonably safe condition for travel by those using them in a proper manner and with due care. Glasgow v. City of St. Joseph, 353 Mo. 740, 746, 184 S.W.2d 412; Dowell v. City of Hannibal, 357 Mo. 525, 210 S.W.2d 4; 63 C.J.S. Municipal Corporations, § 802, page 116. It is not required to keep its streets in such perfect condition as to preclude the possibility of accidents thereon under all circumstances. Genova v. Kansas City, Mo.App., 254 S.W.2d 38, 40. It has a right to improve certain portions of a street for travel and is not liable for injuries sustained by those who travel such portions as the city has not opened and improved for use as a roadway although defects causing the injuries are located on such unused portions. Griffin v. City of Chillicothe, 311 Mo. 648, 279 S.W. 84, 42 A.L.R. 1273; Sparks v. Kansas City, 236 Mo.App. 710, 160 S.W.2d 819. "It is well settled that there is no duty upon a city to erect guards to prevent drivers from leaving that part of the highway set aside for use by the public." Hauck v. Kansas City Public Service Co., 239 Mo.App. 1092, 1101, 200 S.W.2d 608, 613. A city is liable for injuries sustained by one properly traveling its streets by reason of failure to barricade or warn of an excavation, declivity or other dangerous condition on the border of the traveled portion of a street or so near thereto that a traveler by accidental misstep or inadvertent deviation is injured by it. Bassett v. City of St. Joseph, 53 Mo. 290; Chance v. City of St. Joseph, 195 Mo.App. 1, 190 S.W. 24.
It will be noted that the petition does not describe the street in question as a "dead end" street, where no course is afforded the approaching traveler except to run straight on beyond the street end and upon abutting property beyond, or to stop and to retrace his course. The petition here admits an established turn in the street, both to the right and to the left from the point where the straight westward course ended.
While the petition fairly infers that to one approaching the place of the accident from the east at night, at 30 miles an hour, with headlights burning, the turns of the road to the right and to the left are not discernible because of residential improvements on each side of Swifts Highway, the allegation is made that, extending across the roadway at the far or west side of the crossing there were grass and weeds so high as to obstruct the rock wall beyond, which was erected along the street frontage of the abutting private property at the turn, and that the operator proceeded straight across the intersection, through the grass and weeds, and thence over and upon the private property of the abutting property owner and into, over and through the small rock fence on that property. Nothing appears in the petition to the effect that the course which the operator took was ever in common use by others and so known to the defendant, or that the defendant in any way ever induced or acquiesced in any such complete departure from the turn in the street, or that defendant had any control over the enclosure maintained by the property owner on his abutting property. It cannot be said that the rock fence or wall in question was inherently dangerous although a few feet from the street, such as a declivity, excavation or obstruction so close to the traveled portion of the street as to endanger the users of the street, exercising due care, by inadvertent or slight deviation from their course and so as to require the city to barricade it or to warn the public of its existence *64 and location. It cannot be said that the course taken by the operator was a slight or inadvertent deviation from the traveled portion of the highway provided by defendant, but a complete departure from the street over a course not shown ever to have been used for travel. Nor can it be said that the presence of grass and high weeds across the far side of the turn and in front of the abutting property was not reasonable notice and warning that the course of the street changed at that point and did not continue straight ahead. To require a city to barricade or to erect signs at all such turns in its streets to prevent its users from proceeding on into private property abutting such turns would be more than the law exacts.
It was said in Clinkenbeard v. City of St. Joseph, 321 Mo. 71, loc. cit. 90, 10 S.W.2d 54, loc. cit. 62, 61 A.L.R. 242: "In almost every city of size in the state, some streets and traveled roadways are laid out and improved without uniformity as to width of roadway or direction; that is to say, `jogs,' `goosenecks,' and cul-de-sacs are of more or less frequent existence in all of the cities of the state, especially in residential districts; and to judicially say that, at every such place, a municipality must maintain some barrier or warning device, is more than we think the law requires."
In Bassett v. City of St. Joseph, 53 Mo. 290, loc. cit. 299, it was said: "If the excavation being outside of the street did not render it dangerous to travel, and the highway still remained reasonably safe to travellers, it would not become the duty of the city to place either guards, or other protection, to prevent persons from falling into the excavation; and of course, no negligence could be imputed; but whenever it begins to be the duty upon the part of the city to afford protection, then a neglect to perform the duty will create a responsibility upon the part of the city to those who may receive injury in consequence of such negligence, whether the injury is received by falling into an excavation that is in the street, or so near to it as to render it dangerous to those who travel upon the highway".
We said in Sparks v. Kansas City, 236 Mo.App. 710, 717, 160 S.W.2d 819, 822: "It cannot be said, and we are unwilling to hold, that the city must be charged with the knowledge that a pedestrian or an automobile driver on the street or sidewalk will leave the well defined improved part of the street or sidewalk which has been set aside by the city for use and wander off on property or in territory which the city has not designated and prepared for travel; and that the city should be required to erect fences, barricades or signs to prevent such wandering. There is no state statute or city ordinance, of which we have any knowledge, making such requirement and we do not believe the common law makes any such requirement."
This court said in Hauck v. Kansas City Public Service Co., 239 Mo.App. 1092, 200 S.W.2d 608, 612: "It is well established in this state that there is no duty on the part of a municipality to keep its streets in a reasonably safe condition for public travel outside of that portion of the street which is set aside by the city for travel, and it is not liable for injuries received by one traveling on other parts of the street unless he receives his injuries as a result of a defect so close to the traveled part as to endanger the public while using such street in an ordinary manner for the purpose for which such street was intended and improved."
We think, under the authorities, that the petition in this case wholly fails to state facts sufficient to constitute liability on the part of the defendant for the negligence pleaded, and that such defect is jurisdictional. State ex rel. Fletcher v. Blair, 352 Mo. 476, 482, 178 S.W.2d 322.
The judgment is reversed and the cause is remanded with directions to enter judgment for the defendant.
All concur.