**Henry J. SCAIFE and Esther Scaife, Plaintiffs-Appellants,**

v.

**KANSAS CITY POWER & LIGHT COMPANY, Defendant-Respondent.**

**No. WD 33077.**

Missouri Court of Appeals, Western District.

June 15, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 3, 1982.

Charles C. Shafer, Jr., Kansas City, for plaintiffs-appellants.

William H. Woodson, Spencer, Fane, Britt & Browne, Kansas City, for defendant-respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Plaintiffs Henry and Esther Scaife appeal from the trial court's order sustaining defendant Kansas City Power and Light Company's motion for summary judgment. This cause of action arose when a car, involved in an apparent two car collision on 31st Street in Kansas City, Missouri, struck one of defendant's transformer poles, knocking the transformer loose and allegedly causing it to explode. In a deposition, Esther Scaife testified that she was in her home praying and went to a window in response to a loud noise she heard come from the street. She then saw a "lightning" flash from the direction of the pole and was knocked to the floor, causing her personal injury. Plaintiffs' home is at 3110 Chestnut, and the window in question is approximately 140 feet from the pole. The pole was located in defendant's permit area, two and one half feet from the curb of 31st Street. Plaintiffs' petition requested compensatory damages for Esther's injury and loss of consortium to Henry, and punitive damages. Defendant's answer was a general denial.

Plaintiffs' petition alleged negligence on the part of defendant in putting one of its electrical poles, with an attached transformer, "adjacent to one of the busiest streets in Kansas City where the likelihood of an errant automobile striking said transformer and causing electrical shock trauma was great and foreseeable," and by negligently failing "to provide safety devices to insulate the electrical transformer poles from the impact of automobiles traveling on the street next to the poles."

Summary judgment is not commonly granted in negligence cases. Under

Rule 74.04(c), summary judgment is applicable when a party can show there is no genuine issue of a material fact and that he is entitled to judgment as a matter of law. Although the party against whom a summary judgment is entered is entitled to review in a light most favorable to its cause, *Johnson v. Givens Real Estate, Inc.*, 612 S.W.2d 797, 799 (Mo.App.1981), when the moving party, as defendant did here, files affidavits, exhibits and depositions with its motion, plaintiffs may not sit idly by.[1] Because plaintiffs failed to respond with either a verified denial or counter-affidavits, the facts alleged in support of defendant's motion are deemed admitted. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72 (Mo.1978); *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328 (Mo. App.1977).

■ Defendant, as a generator and transmitter of electricity, is held to a duty to use the highest degree of care to prevent injury that is reasonably foreseeable. *Summers v. Union Electric Co.*, 565 S.W.2d 677, 680 (Mo.App.1978); *Tellis v. Union Electric Co.*, 536 S.W.2d 742, 745 (Mo.App.1976). Defendant is not, however, an insurer of public safety, *Calderone v. St. Joseph Light and Power Co.*, 557 S.W.2d 658, 667 (Mo. App.1977), and is not required to isolate or insulate its wires beyond where one may lawfully or reasonably be expected to be, *Burk v. Missouri Power & Light Co.*, 420 S.W.2d 274, 277 (Mo.1967).

Although there are no cases directly on point with the case at bar, it has often been held that a plaintiff did not state a submissible claim in negligence for injuries resulting from contact with either a utility company's electrical pole or wires because the injuries were not reasonably foreseeable as a matter of law. *See Clinkenbeard v. City of St. Joseph*, 321 Mo. 71, 10 S.W.2d 54, 63 (1928) (no actionable negligence in maintaining electrical pole within permit area on claim for injuries sustained when car struck pole); *Glastris v. Union Elec. Co.*, 542 S.W.2d 65 (Mo.App.1976) (child in tree touches wires). *See also Donovan v. Union Electric Co.*, 454 S.W.2d 623, 626 (Mo.App. 1970); *Foote v. Scott-New Madrid-Mississippi Elec. Cooperative*, 359 S.W.2d 40, 47 (Mo.App.1962); *Majors v. Ozark Power and Water Co.*, 205 Mo.App. 337, 222 S.W. 501, 503 (1922). Moreover, although it is not a utility case, the court in *Dowell v. City of Hannibal*, 357 Mo. 525, 210 S.W.2d 4, 5 (1948), made it clear that a public entity does not have a duty to preclude all possibility of accident nor guard against the more unusual and extraordinary occurrences, (city need not extend barriers to every sharp street corner or decline). These cases seem to be based on a policy that the public entity cannot bear the expense of each and every injury which, albeit foreseeable, is not *reasonably* foreseeable in light of the circumstances.

■ Plaintiffs, although burdened by the provisions of Rule 74.04(e), presented no verified facts to show how the risk of injury in this case was any more foreseeable than the injuries in the cases cited above. Plaintiffs bare allegations did not show how defendant failed to use the highest degree of care in the placement of the pole, (*see Clinkenbeard, supra*) nor in the insulation of its pole from the impact of automobiles (*see Dowell, supra*). It cannot be said that a genuine issue of material fact was presented as to defendant's negligence and, therefore, the trial court was justified in granting summary judgment. Because plaintiffs offered only suggestions in opposition to defendant's motion, they chose to stand on their pleadings. These pleadings cannot survive defendant's motion for summary judgment under the facts presented and deemed admitted by defendant.

Affirmed.

All concur.

---

1. Rule 74.04(e) provides that when a motion is made and supported as provided in the Rule, "an adverse party may not rest upon the mere allegations or denials of this pleading, but his response, by affidavit or otherwise provided ... must set forth specific facts showing that there is genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."