Robert J. ANDERSON, Appellant,

v.

Robert W. MEGLEMRE, III, Defendant,

and

Arvid Zuber, Bert Jacob and Robert Rosenwald, Respondents,

and

Jerold A. Bressel, Respondent.

No. WD 38876.

Missouri Court of Appeals, Western District.

Oct. 27, 1987.

Dennis J.C. Owens, Kansas City, for appellant.

William A. Lynch, Katharine Bunn, Kansas City, for respondents.

Before KENNEDY, C.J., and SHANGLER and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Appellant Robert J. Anderson invested in a paneling company being organized by an investment partnership which included as members Robert J. Meglemre, Jerold A. Bressel, and Eddie R. Jacobs. Meglemre and Bressel were partners with Robert E. Rosenwald, Bert H. Jacob, and Arvid v. Zuber in the law firm of Rosenwald, Jacob, Bressel, Jacob & Meglemre. The paneling venture was in deep financial trouble when Anderson paid his money and was terminated before production commenced.

Anderson's suit included counts against the Rosenwald law partnership for legal malpractice. His petition included various other counts directed against other members of the investment partnership. The legal malpractice count, which forms the controversy in this appeal, alleged the five were attorneys and members of a law firm partnership that was counsel for the plaintiff "in the proposed business transaction described above and for some time prior to the occurrence of the transaction." The allegations were that various duties of legal representation to Anderson were breached by actions of Meglemre and Bressel.

Before trial, Rosenwald, Jacob, and Zuber moved for summary judgment, stating that they were not counsel for Anderson in the proposed transaction, that they never gave Anderson legal advice in the transaction, that no attorney-client relationship existed with regard to Anderson's investment, and that they were not Anderson's attorneys as a matter of law. In support of their motion, Rosenwald, Jacob, and Zuber provided excerpts from the deposition testimony of various parties to show Meglemre left the law firm prior to soliciting Anderson's participation in the business transaction, and Anderson was never billed by their law firm for services pertaining to the transaction because no services were provided. Rosenwald, Jacob, and Zuber also contended that Anderson had not formally alleged any vicarious or secondary liability to the firm or the individual attorneys based on any acts or omissions of Bressel or Meglemre.

Anderson's suggestions opposing the motion for summary judgment identified nothing in the record to refute the evidence. No affidavits or sworn testimony accompanied Anderson's suggestions. Instead, the suggestions consisted of opinions and assertions concerning the law regarding summary judgment in Missouri and the Missouri Rules of Civil Procedure. Anderson's assertions as to factual matters were not supported with references to evidence in either the discovery record or affidavits.

Rosenwald, Jacob, and Zuber's motion for summary judgment, which included portions of Anderson's deposition was granted by the trial court. At the trial on the other counts the jury found in favor of Anderson against Meglemre for fraud and legal malpractice, and in favor of Bressel against Anderson for legal malpractice. Anderson's appeal covers only the granting of summary judgment in favor of Rosenwald, Jacob and Zuber.

■ Summary judgment in Missouri is controlled by Rule 74.04. Under the Rule, judgment sought shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. Rule 74.04(c). "Since summary judgment

is a drastic remedy, it is inappropriate unless the prevailing party has shown by unassailable proof, from which no genuine issue of material fact on any controlling issue exists, that as a matter of law judgment should be entered in his favor." *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W.2d 224, 226 (Mo.App.1984). On appeal, the court is obligated to scrutinize the record in a light most favorable to the party against whom the motion was filed and to accord that party the benefit of every reasonable doubt. *Bakewell*, 668 S.W.2d at 226; *Sturgeon v. State Bank of Fisk*, 616 S.W.2d 578, 582 (Mo.App.1981). Although a losing party is entitled to review in a light most favorable to its cause, when a moving party files affidavits, exhibits, or depositions with its motion, the other party may not sit idly by. *Scaife v. Kansas City Power & Light Co.*, 637 S.W.2d 731, 733 (Mo.App. 1982). As stated in Rule 74.04(e), when a motion for summary judgment is made and supported as provided, an adverse party may not rest upon the mere allegations or denials of his pleading, but must respond, by affidavit or otherwise, with specific facts showing there is a genuine issue for trial. Without a verified denial or counter-affidavits, the facts alleged in support are deemed admitted, *Scaife*, 637 S.W.2d at 733, even if contrary to pleading allegations, *Hoffman v. Franklin County Mercantile Bank*, 666 S.W.2d 446, 450 (Mo. App.1984).

■ In the case under consideration, this court is persuaded that the granting of summary judgment was proper. Movants Rosenwald, Jacob and Zuber's allegations that they were not Anderson's attorneys were sufficiently supported with references to sworn deposition testimony in the discovery record. The supporting testimony established the law firm in which these attorneys practiced and from which Meglemre had resigned provided no legal advice to Anderson and did not bill him for any services surrounding this transaction. Anderson cannot establish legal malpractice liability for which a firm is responsible when he cannot show a duty of legal representations running from the firm to him.

Furthermore, Anderson's response to the motion for summary judgment made no attempt to refute the contentions of the motion. Anderson's bare allegations in response to sworn statements of fact did not refute the showing of no duty owed and therefore no liability, and did not attempt to provide evidentiary references establishing a genuine issue of fact as to the elements of legal malpractice. Without such evidence, the trial court was fully justified in accepting the facts as alleged in the motion and granting summary judgment. Anderson's attempt to rely on testimony from the Meglemre–Bressel trial following the granting of summary judgment is to no avail.

The judgment of the trial court is affirmed.