Tina ROTHWELL and Lori
Lucas, Appellants,

v.

WEST CENTRAL ELECTRIC COOPER-
ATIVE, INC., and Allgeier, Martin and
Associates, Inc., Respondents.

No. WD 45911.

Missouri Court of Appeals,
Western District.

Sept. 15, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 27, 1992.

Application to Transfer Denied
Dec. 18, 1992.

James K. Emison, Lexington, for appel-
lants.

Spencer J. Brown, Kansas City, for West
Cent. Elec. Co-op., Inc.

Jerome V. Bales, Overland Park, KS, for
Allegeier, Martin and Associates, Inc.

Before LOWENSTEIN, C.J., and
BERREY and ULRICH, JJ.

LOWENSTEIN, Chief Judge.

The appellants, Tina Rothwell and Lori
Lucas, are the surviving children of dece-
dent Albert Lucas. They initiated this
wrongful death action based upon negli-
gent placement, inspection and mainte-
nance of a wooden utility pole. The pole
was some nine feet from the road. The
pole belonged to West Central Electric Co-
operative, Inc., (West Central), and was
inspected under contract by the defendant
(Allgeier, Martin and Associates, Inc.,
(AMA)). Lucas hit the electrical pole after
veering off a county road after he lost
control of his car. Subsequently, a fallen
line electrocuted him. The defendant-re-
spondents filed a motion for summary
judgment. In granting summary judgment
the court found that neither respondent
owed a duty to Albert Lucas under Mis-
souri law. *Clinkenbeard v. City of St.
Joseph*, 321 Mo. 71, 10 S.W.2d 54 (1928).

The established facts of the case are as
follows: As decedent was traveling west-
bound on a gravel county road in Lafayette
County, Missouri, he veered off the road.
The portion of road in question involved a
curve. He left the right hand part and
crossed to the other side of the road, strik-
ing a utility pole eight to eleven feet from
the left hand side of the roadway. A shal-
low ditch paralleled the road between it and
the pole. His truck ended up entirely off
the road except for the right rear tire
which may have remained partially in the
roadway. The utility pole broke when hit,
and the upper portion with the electrical

wires landed in the roadway. Decedent left his truck and walked into the roadway and touched the downed electrical lines, causing his electrocution. An AMA employee had inspected this particular pole two years earlier. In the over thirty years existence of a pole in this exact location, there had never been any evidence of a vehicular collision. The appellants' own expert testified that the technique used by the AMA employee during inspection is an acceptable method for above-ground utility pole inspection.

In the one point on appeal the daughters allege the trial court erred in granting summary judgment because both Respondents owed a duty, as determined by a jury, to the decedent to locate properly, inspect, and maintain the utility pole.

Under Rule 74.04(c) summary judgment is appropriate if the pleadings, interrogatory answers, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In reviewing the trial court's ruling granting summary judgment, an appellate court must review the record in the light most favorable to the party against whom summary judgment was entered. *Ernst v. Ford Motor Company*, 813 S.W.2d 910, 915 (Mo.App.1991).

■ The appellants allege establishing the element of duty is a jury question. In doing so, they rely on some recent cases that hold there is a duty if the harm or injury to the victim was reasonably foreseeable to the defendant and the issue of foreseeability is a jury question. *Merrick v. Southwest Electric Cooperative*, 815 S.W.2d 118 (Mo.App.1991); *Pierce v. Platte–Clay Electric Cooperative, Inc.*, 769 S.W.2d 769 (Mo. banc 1989). However, the controlling case is *Clinkenbeard*, 10 S.W.2d at 62, which expressly holds that there is no duty owed to an operator of a motor vehicle that has left the traveled portion of the road. In *Clinkenbeard*, the Supreme Court of Missouri affirmed the trial court's demurrer instructing the jury to return a verdict against plaintiff and in favor of defendants municipality and electric utility. *Clinkenbeard*, 10 S.W.2d at 63. The plaintiff was injured when his car hit a utility pole adjacent to a "jog" in the road. *Clinkenbeard*, 10 S.W.2d at 58. The pole was not located in the traveled portion of the street but in the adjacent parkway, separated by a curb. *Id.* The pole was located 1 to 3 feet away from the edge of the roadway. *Clinkenbeard*, 10 S.W.2d at 58. In finding that no duty existed the court held:

We are of the opinion that neither of the defendants is chargeable with actionable negligence in the maintenance of the parkway or pole, which were entirely and wholly outside of the traveled and improved roadway designed for ordinary vehicular travel and use of the public.

*Clinkenbeard*, 10 S.W.2d at 62.

Under *Clinkenbeard*, the trial court in this case properly described the question of duty.

■ In addition to *Clinkenbeard*, this court notes the Illinois case of *Gouge v. Central Illinois Public Service Company*, 144 Ill.2d 535, 163 Ill.Dec. 842, 582 N.E.2d 108 (1991), which sets forth the standard for considering duty. Under *Gouge*, whether a duty exists is a question of law determined by the court, and depends on whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the protection of the plaintiff. *Id.*, 163 Ill.Dec. at 846, 582 N.E.2d at 112. In considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant. In any event, it is the duty of the trial court to determine sufficiency of the evidence to submit an issue. There was no error here and the point is denied.

■ In order to overrule the granting of summary judgment, this court would have to find not only that a duty was owed by the respondents, but that this duty was breached. The basic test regarding duty in Missouri is whether the defendant owed to the plaintiff, "any duty to do something

that he did not do, or not to do something he did do." *Lowery v. Kansas City*, 337 Mo. 47, 85 S.W.2d 104, 110 (1935). This test takes into account the likelihood of future events leading to injury and the defendant's duty to take care to avoid them. *Irby v. St. Louis County Cab Company*, 560 S.W.2d 392 (Mo.App.1977). It is not sufficient for the plaintiff to allege a duty to a group of persons in general.

This duty is not a duty to protect against all possible injuries. Rather, the duty is to protect the plaintiff from all reasonably foreseeable injuries. *Irby*, 560 S.W.2d at 394–395. There are some injuries for which the defendant is not liable because plaintiff's mishap is not reasonably foreseeable, and thus no duty is obliged.

In *Clinkenbeard*, 10 S.W.2d at 62, the court expressed the law that no duty by the utility company arose to a motorist who left the road and hit a utility pole. This analysis then prohibits determination of a breach of any duty. The court looked at the ordinary and reasonably foreseeable use of the road by a motorist. It ruled such reasonable foreseeability would exist if "a person could be injured by a collision with the pole which happened while such person was driving on a normal, accurate course never leaving the roadway." However, the court found that had the plaintiff not driven his automobile off the traveled and improved roadway, and over the 6 or 8 inch curb, his car would never have collided with the pole. *Id.* at 62.

In *Scaife v. Kansas City Power and Light Company*, 637 S.W.2d 731, 733 (Mo. App.1982), this court relied on *Clinkenbeard*. Under *Scaife*, the test is refined to whether it is reasonably foreseeable that a driver and vehicle normally using the roadway or deviating slightly in the normal use of the roadway will potentially encounter injury from the placement and maintenance of the utility pole. *Id.* at 733. The Illinois Supreme Court expressly follows this logic. In *Gouge*, 163 Ill.Dec. at 846, 582 N.E.2d at 112, the court found that a utility company did not owe plaintiff a common law duty of reasonable care to ensure that if an automobile leaves the traveled portion of a roadway and strikes a utility pole, the pole will not fall on him. *Gouge* says the liability of a utility company for injuries depends on whether the pole is located in or so close to the traveled portion of the highway, or is maintained in such a manner, as to constitutes an obstruction dangerous to anyone properly using the highway. *Id.*, 163 Ill. Dec. at 847, 582 N.E.2d at 113.

Had the decedent been on the road, in the right lane, he would never have collided with the pole. It is not reasonably foreseeable that someone would veer across the center lane, into an embankment and then hit a pole some 8 to 11 feet away from the other side of the road. Furthermore, the downed power lines did not touch his truck, he came in contact with them after he got out of the truck and walked back out onto the road. In general, this type of accident involving the pole is not reasonably foreseeable. This court finds nothing to show that the pole was located so close to the roadway that it would have been a dangerous obstruction to anyone properly using the roadway. There was no evidence of a vehicle ever colliding with a pole in this location during the some three decades of this line. In this case, there is no evidence that this accident was anything but unforeseeable. It is unreasonable to find that both Respondents owed a duty to a motorist who unforeseeably deviated from the roadway and hit a pole located at least eight feet from the road. There is also no evidence even suggesting that AMA failed to properly inspect the pole. The cases cited by the appellants on the issue of foreseeability, *Pierce*, 769 S.W.2d at 769, and *Merrick v. Southwest Electric Cooperative*, 815 S.W.2d 118 (Mo.App.1991), are distinguishable on the facts in *Clinkenbeard* and the case at bar.

The judgment is affirmed.