Mark A. WILLIAMS, Appellant,

v.

CITY OF INDEPENDENCE, Respondent.

No. WD 52142.

Missouri Court of Appeals,
Western District.

Sept. 10, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 1996.

Joe W. Coleman, Kelly C. Tobin, Jeffrey L. Wagoner, King Hershey Koch & Stone, Kansas City, for appellant.

Lisa J. Henoch, Kansas City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

ELLIS, Presiding Judge.

Mark Williams appeals from an order of the Jackson County Circuit Court granting summary judgment in favor of the City of Independence.

Williams filed suit against the City for damages arising out of an automobile accident occurring on February 23, 1991. Williams was injured when his car, which was traveling west on 31st Street in Independence, crossed the center line, travelled across the eastbound lane, drove through several private front lawns on the south side of the roadway, and eventually struck a culvert headwall, eight feet off of the road, causing the car to split in two.[1]

In granting the City's motion for summary judgment, the trial court held that requiring the City to "clear its entire rights of ways of obstructions which could possibly cause injury to occupants of errant vehicles," would place an unduly burdensome duty upon the City. The trial court concluded, as a matter of law, that Williams was unable to establish that the City should have reasonably foreseen the risk of harm created by the non-functioning headwall located eight feet from the travelled portion of 31st Street. Williams appeals these findings.

■ Appellate review of the propriety of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issues of material fact exist and the movant has a right to judgment as a matter of law. *General Motors Corp. v. Kansas City*, 895 S.W.2d 59, 61 (Mo.App. W.D.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

■ It is undisputed that the City of Independence is a public entity and that the culvert headwall is public property. As a public entity, the City is immune from tort liability and suit for compensatory damages for negligent acts or omissions. § 537.600.1 [2]; *O'Dell v. City of Breckenridge*, 859 S.W.2d 166, 168 (Mo.App. W.D.1993); *Dorlon v. City of Springfield*, 843 S.W.2d 934, 940 (Mo.App. S.D.1992); and *Wollard v. Kansas City*, 831 S.W.2d 200, 201 (Mo. banc 1992). Nonetheless, such immunity from liability for injuries caused by the condition of public property is expressly waived if the plaintiff establishes that:

> the property was in dangerous condition at the time of injury, that the injury directly resulted from the dangerous condition, **that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred,** and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

§ 537.600.1(2) (emphasis added).

Williams contends the headwall, in combination with the steep slope of the shoulder between it and the roadway, constituted a dangerous condition. He further maintains that it is foreseeable that if a vehicle "even commenced to leave the road it would likely strike the [headwall]." Thus, he argues the trial court erred in finding that the City did

---

1. The City owned headwall is a cement block approximately one foot tall, six feet long, and one foot wide, which was originally installed to secure the south end of a drainage pipe running underneath the street. The drainage pipe was not in use, and had not been for some time, prior to the accident.

2. All statutory references are to RSMo 1994, unless otherwise noted.

not have a duty to protect him against the unreasonable risk of harm.[3]

Whether a duty exists is a question of law for the trial court. *Rothwell v. West Cent. Elec. Co-op.*, 845 S.W.2d 42, 43 (Mo. App. W.D.1992). In determining whether a "duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant." *Id.*

It is well-established that a city has a duty "to exercise ordinary care to maintain its streets in a reasonably safe condition for travel by those using them in the proper manner and with due care." *Lavinge v. City of Jefferson*, 262 S.W.2d 60, 63 (Mo.App. W.D.1953). Likewise, "a city is liable for injuries sustained by one properly traveling its streets by reason of failure to barricade or warn of an excavation, declivity or other dangerous condition on the border of the travelled portion of a street or so near thereto that a traveller by accidental misstep or inadvertent deviation is injured by it." *Id.*

However, this is not a duty to protect against all possible injuries, just those that are reasonably foreseeable. *Rothwell*, 845 S.W.2d at 44. In cases such as the one at bar, an injury is reasonably foreseeable if a "driver and vehicle normally using the roadway or deviating slightly in the normal use of the roadway will potentially encounter injury from the placement and maintenance of the [condition]." *Id.*

> It is well established in [Missouri] that there is no duty on the part of a municipality to keep its streets in a reasonably safe condition for public travel outside of that portion of the street which is set aside by the city for travel, and it is not liable for injuries received by one traveling on other parts of the street unless he receives his injuries as a result of a defect so close to the traveled part as to endanger the public while using such street in an ordinary manner for the purpose for which such street was intended and improved.

*Hauck v. Kansas City Pub. Serv. Co.*, 239 Mo.App. 1092, 200 S.W.2d 608, 612 (W.D. 1947).

In *Clinkenbeard v. City of St. Joseph*, 321 Mo. 71, 10 S.W.2d 54 (1928), the plaintiff sustained injuries when his car hit a utility pole adjacent to a "jog" in the road. The pole was one to three feet off the roadway and there was a six to eight inch curb between the roadway and the pole which plaintiff's car had to jump before striking the pole. Our Supreme Court held that the defendants were not "chargeable with actionable negligence in the maintenance of the parkway ... or pole, which were entirely and wholly outside of the traveled and improved roadway ... designated by the defendant city for ordinary vehicular travel and use of the public." *Id.* 10 S.W.2d at 62.

Similarly, in *Lavinge v. City of Jefferson*, 262 S.W.2d 60 (Mo.App. W.D.1953), the plaintiff was injured as a result of striking a concrete wall on private premises a few feet outside of a public street in Jefferson City, Missouri. The *Lavinge* court refused to find that "the course taken by the operator was a slight or inadvertent deviation from the traveled portion of the highway provided by [the City]," but, instead considered it a "complete departure from the street over a course not yet shown ever to have been used for travel." *Id.* at 64.

*Clinkenbeard* was recently relied on by this court in *Rothwell v. West Central Elec. Co-op.*, 845 S.W.2d 42 (Mo.App. W.D.1992). In *Rothwell*, the plaintiff's vehicle veered off the road and struck a utility pole eight to eleven feet away from the roadway. In affirming the grant of summary judgment to the defendant, the court stated that "[i]t is not reasonably foreseeable that someone

---

3. This contention is Williams' second point on appeal. In his first point, he challenges the trial court's finding regarding the foreseeability of the risk of harm. Since foreseeability is an element considered in determining whether a duty exists, *Rothwell v. West Cent. Elec. Co-op.*, 845 S.W.2d 42, 43 (Mo.App. W.D.1992), we do not address the issue separately.

would veer across the center lane, into an embankment and then hit a pole some [eight] to [eleven] feet away from the other side of the road." *Id.* at 44.

And finally, in *Noe v. Pipe Works, Inc.,* 874 S.W.2d 502 (Mo.App. E.D.1994), the Eastern District of this court relied on *Clinkenbeard* in holding that a utility company had no duty to a motorcyclist who collided with a utility pole located some forty to fifty-six inches off the roadway. In *Noe,* the plaintiff asked the court to find that *Clinkenbeard* was outdated, to which the court responded:

> Even if we were to ignore the practical ramifications which would affect utility companies, state, county and municipality highway and road departments statewide as a result of such ruling, we are constitutionally without authority to overrule the controlling decisions of the Supreme Court.

*Id.* at 504.

■ In the case at bar, there is no question that the headwall, located eight feet off of the road, was wholly outside of the improved portion of the road and did not interfere with those making normal use of the road. We refuse to find that crossing the center line, travelling through the opposite lane of traffic, and driving across several private lawns before hitting a headwall eight feet off of the roadway qualifies as a "slight deviation" from the road. Nor would we consider driving directly off of the paved roadway eight feet down a sloped shoulder to be a "slight deviation" from the roadway.

The City had no duty to Williams with respect to the headwall and, therefore, did not breach any duty to him. Thus, the trial court did not err in granting summary judgment in favor of the City.

The judgment is affirmed.

All concur.