Linda J. SCHLUETER, et al., Appellants,

v.

CITY OF MARYLAND HEIGHTS,
Respondent.

No. 70925.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 3, 1997.

Nathan S. Cohen, Clayton, for appellants.

Peter J. Dunne, St. Louis, for respondent.

Before RHODES RUSSELL, P.J., and SIMON and KAROHL, JJ.

PER CURIAM.

Linda Schlueter, and Dennis and Latisha Hull, husband and wife, (collectively "parents") appeal from a grant of summary judgment entered in favor of the City of Maryland Heights ("City"). The issue on appeal is whether City owed parents' sons a duty to protect them from crashing their cars into trees located a few feet from the traveled portion of a roadway. We find no error in that City owed parents' sons no duty to remove or barricade the alleged dangerous condition located off the traveled portion of the roadway. We affirm.

The material facts are not in dispute. On October 5, 1991, Robert Matheny, the son of Linda Schlueter, was driving on River Valley Drive, a road maintained by City. Matheny, who was speeding in his automobile, ran off the traveled portion of the road and collided with some trees which were located within ten feet from the edge of the road [1]. Matheny was killed as a result of the automobile accident. Dennis Hull, Jr., the son of Dennis and Latisha Hull, was also killed in a similar accident on August 3, 1992. He, too, was driving his car at a high rate of speed when it left the traveled portion of River Valley Drive and struck some similarly located trees.

■ On July 27, 1995, parents filed a two-count petition against City alleging that the deaths of their sons were due to negligence on the part of City in its maintenance of River Valley Drive. Specifically, parents alleged that City was negligent in that it failed to maintain rural road standards by failing to clear trees which encroached within ten feet of the edge of the road [2], and, was negligent by failing to erect appropriate guardrails along the road. Parents also alleged that City had actual or constructive notice of the dangerous condition of River Valley Drive by virtue of previous accidents on the road.

City sought summary judgment which the trial court granted. Parents appeal.

1. There is some dispute as to how close the trees were to the road. In parents' brief, parents assert that the trees were as close as six to eight feet from the road. In response to interrogatories, parents stated that the trees were three and one-half to four feet from the road.

2. In its motion for summary judgment, City presented an affidavit of the street and engineering director who stated that at the time of the accidents, no rural road standards or guidelines had been adopted by City which required a minimum clear zone from the edge of the road. Parents' response does not admit or deny each factual statement contained in City's motion, nor does it contain any citations to the record to rebut City's factual assertion. Thus, we take City's factual assertions to be true. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

In their sole point on appeal, parents contend the trial court erred in granting City's motion for summary judgment in that the City had a duty to remove dangerous conditions attending to River Valley Drive in light of prior accidents which were caused by the same alleged dangerous condition. We disagree.

Appellate review of the propriety of a summary judgment motion is essentially *de novo. ITT Commercial Finance,* 854 S.W.2d at 376. The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Summary judgment is appropriate where the moving party demonstrates that it is entitled to judgment as a matter of law and that no genuine dispute exists as to any material fact required to support the judgment. *General Motors Corp. v. Kansas City,* 895 S.W.2d 59, 61 (Mo.App.1995), *cert denied,* —— U.S. ——, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

■ The crux of parents' argument is that City had a duty to protect their sons in that the proximity of the trees to the road created a dangerous condition upon which City was put on notice because of prior accidents. Parents contend that both the proximity of the trees to the roadway and the City's knowledge of prior accidents on this roadway gave rise to a heightened duty on behalf of City. Thus, the trial court's grant of summary judgment was inappropriate according to parents.

■ Whether a duty exists is a question of law for the trial court. *Williams v. City of Independence,* 931 S.W.2d 894, 896 (Mo.App.1996)(citing *Rothwell v. West Cent. Elec. Co-op.,* 845 S.W.2d 42, 43 (Mo.App. 1992)). In determining whether a duty exists, the trial court must weigh the foreseeability of the injury, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing the burden on the defendant. *Id.*

■ In *Clinkenbeard v. City of St. Joseph,* 321 Mo. 71, 10 S.W.2d 54 (1928), a city was held not liable where plaintiff's automobile struck a utility pole located on the parkway

about two feet from the street. The Missouri Supreme Court held that negligence would not lie against the city or the utility corporation when a driver of an automobile was injured by driving from the improved portion of a roadway and striking a utility pole maintained wholly outside the traveled and improved portion of the roadway. *Id.,* 10 S.W.2d at 62. *Clinkenbeard* expressly holds there is no duty owed to a driver of a motor vehicle who leaves the improved or normally traveled portion of a road and strikes an object maintained wholly outside of that roadway. *Godfrey v. Union Electric Co.,* 874 S.W.2d 504, 505 (Mo.App.1994).

Here, the undisputed facts show that the trees were outside the paved portion of the road. Although some of the trees may have been as close as three and one-half feet from the road's surface, the trees were completely outside the improved portion of the road and did not interfere with drivers making normal use of the road. As a matter of law, parents cannot establish that City owed their sons a duty.

■ Parents also argue, despite the holding of *Clinkenbeard* and its progeny, that City had a duty to erect protective barriers to prevent the type of accidents sustained by their sons.

In Missouri, however, "[i]t is well settled that there is no duty upon a city to erect guards to prevent drivers from leaving that part of the highway set aside for use by the public." *Watson v. Kansas City,* 499 S.W.2d 515, 518 (Mo. banc 1973)(quoting *Hauck v. Kansas City Public Service Co.,* 239 Mo.App. 1092, 200 S.W.2d 608, 613 (1947)). An exception to this rule is that a city will be held liable for injuries sustained by reason of its failure to barricade or warn of an excavation, declivity, or other dangerous condition on the border of the traveled portion of the street or so near thereto that a traveler by accidental misstep or inadvertent deviation is injured by it. *Lavinge v. City of Jefferson,* 262 S.W.2d 60, 63 (Mo.App.1953); *See also, Williams,* 931 S.W.2d at 896. Parents assert that trees so close to the traveled portion of the road, not barricaded by a guardrail or other warn-

ing, fits within the holding of *Lavinge.* We disagree.

In *Lavinge,* the plaintiff was injured after colliding into a concrete wall on private premises a few feet outside a public street. Finding the city not liable, the court stated:

> It cannot be said that the rock fence or wall in question was inherently dangerous although a few feet from the street, such as a declivity, excavation or obstruction so close to the traveled portion of the street as to endanger the users of the street, exercising due care, by inadvertent or slight deviation from their course and so as to require the city to barricade it or to warn the public of its existence and location. It cannot be said that the course taken by the operator was a slight or inadvertent deviation from the travelled portion of the highway provided by defendant, but a complete departure from the street over a course not shown ever to have been used for travel.

*Id.* at 63–64.

It is undisputed that the trees were located at least three and one-half to four feet from the roadway. Further, parents' own expert stated that there was nothing wrong with the traveled portion of the road. As in *Lavinge,* we refuse to find driving off the roadway and colliding with the trees to be a "slight deviation" from the roadway.

City owed no duty to parents' sons, and therefore, was not liable. Thus, no question of law existed. The trial court did not err in granting summary judgment in favor of City.

The judgment is affirmed.