**John Marshall "Mark" LOCKWOOD, Respondent,**

v.

**JACKSON COUNTY, MO, Appellant.**

**No. WD 53585.**

Missouri Court of Appeals,
Western District.

Sept. 16, 1997.

John Kurtz, Kansas City, for Respondent.

Sandra L. Schermerhorn, County Counselor, Ronald L. Jurgeson, Asst. County Counselor, Kansas City, for Appellant.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LOWENSTEIN, Judge.

Respondent Mark Lockwood was injured June 1, 1991, while exercising in Sports Complex Park, a nature park owned by the appellant, Jackson County, Missouri. The park contained an outdoor exercise trail consisting of several different stations with equipment on which to perform exercises. His injury occurred at Exercise Station 10 when a horizontal pipe he was sitting on became detached from the upright supports. Lockwood fell to the ground, breaking his shoulder. Testimony at trial revealed that the supplier of the equipment, J.C. Penney, included an installation instruction booklet with the equipment that Jackson County largely ignored during the installation. The instruction booklet recommended anchoring the upright supports in concrete and affixing the horizontal bar to the supports with bolts or pipe fasteners. Evidence favorable to the verdict indicates that the upright supports were not firmly anchored in concrete, and that the horizontal bar in question was not affixed to the upright posts with bolts, screws, or fastening devices.

In answer to the Lockwood suit claiming a dangerous condition of county property, Jackson County immediately moved for summary judgment, claiming tort immunity under Missouri's sovereign immunity statute, § 537.600, RSMo. (1994).[1] The circuit court denied the motion and the parties proceeded to trial where the jury found Jackson County ninety-six percent at fault, and Lockwood four percent at fault, presumably because he was sitting on the bar rather than performing chin-up or pull-up exercises. The jury awarded Lockwood $180,000 damages for his injuries. The trial court then reduced the damages to the statutory limit of $100,000 as required by § 537.610.

Jackson County appealed the judgment on three grounds: first, the trial court erred by denying Jackson County's motion for directed verdict; second, the trial court erred by improperly admitting five photographs of the park, offered by Lockwood, into evidence; finally, the trial court judge failed to modify the MAI instructions to reflect the foreseeability aspect of the county's sovereign immunity protection.

**I.**

Jackson County's first point submits the trial court erred in failing to direct a verdict in its favor because there was insufficient evidence presented by Lockwood to allow submission of the case to the jury. Specifically, Jackson County argues it did not owe a duty to Lockwood, and the evidence at trial did not sufficiently demonstrate that Jackson County had actual or constructive notice of any dangerous condition at Exercise Station 10.

■ In reviewing the denial of a motion for directed verdict, the evidence presented at trial is viewed in the light most favorable to the non-moving party in order to determine whether or not substantial evidence was introduced which tended to prove facts essential to plaintiff's recovery. *Gamble v. Bost*, 901 S.W.2d 182, 185 (Mo.App.1995); *Lindsey Masonry Co. v. Jenkins & Assoc.*, 897 S.W.2d 6, 15 (Mo.App.1995). "A case should not be withdrawn from the jury unless the facts in evidence and the inferences fairly deductible therefrom are so strongly against plaintiffs as to leave no room for reasonable minds to differ." *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 423 (Mo.App.1973).

■ Rule 78.07 states, in pertinent part, that all allegations of error which are to be preserved for appellate review must be included in a motion for new trial, except that questions of jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense, and questions authorized by Rule 72.01 to be presented in motions for judgment need not be included in a motion for new trial. The purpose of Rule 78.07 is to give the trial judge the opportunity to correct trial errors without the delay, expense and hardship of an appeal. *Baxter v. Acme Sheet Metal*

---

1. All statutory references are to the 1994 Revised Statutes of Missouri.

*Works, Inc.,* 763 S.W.2d 733, 735 (Mo.App. 1989). Rule 84.13(a) also states that "allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case." Jackson County's appeal presents claims not raised in any post-trial motion. In support of the first point, Jackson County argues in their brief that they owed "no duty to [Lockwood] to provide an exercise station that was in any way more safe than [Exercise Station 10 was] on June 1, 1991." However, Jackson County's motion for directed verdict did not cite lack of duty as one of its bases, rather it claimed Jackson County did not create a dangerous condition, Jackson County had no notice of the condition, and there was no causation between Lockwood's injuries and the county's actions. Likewise, Jackson County's motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial did not state lack of duty in its grounds for relief. Claims of error not properly presented in the trial court will not be considered on appeal. *Wagner v. Piehler,* 879 S.W.2d 789, 793 (Mo.App. 1994).

 Even though this issue was not preserved, this court gratuitously grants review under the plain error standard. Rule 84.13(c). Plain error affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds manifest injustice or a miscarriage of justice has resulted. *Id.* Whether a duty exists is a question of law determined by the court. *Rothwell v. West Cent. Elec. Co-op., Inc.,* 845 S.W.2d 42, 43 (Mo.App.1992). In considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant. *Id.* In any event, it is the duty of the trial court to determine sufficiency of the evidence to submit an issue. *Id.* Given the evidence presented at trial, this court finds that substantial evidence was presented at trial from which the trial court could determine a duty existed, and as such does not amount to a miscarriage of justice or result in a manifest injustice.

 In stating a negligence claim against a governmental entity, sovereign immunity is waived pursuant to § 537.600.2 if the plaintiff alleges: that the property was in a dangerous condition; that the plaintiff's injuries directly resulted from the dangerous condition; that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury plaintiff incurred; and that a public employee negligently or wrongly created the condition within the course of his or her employment, or that the public entity had actual or constructive notice of the dangerous condition. *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 835 (Mo. 1985). "A city has constructive knowledge of a dangerous condition if the dangerous condition is of such nature that, even though not obvious and notorious, it has existed for such a length of time that the city in the exercise of ordinary care could and should have discovered and remedied it." *Feely v. City of St. Louis,* 898 S.W.2d 708, 709 (Mo.App. 1995).

 Jackson County argues in its first point of error that the evidence at trial did not sufficiently demonstrate that Jackson County had actual or constructive notice of any dangerous condition at Exercise Station 10. Viewing the evidence and reasonable inferences in the most favorable light to Lockwood, the record here convinces us Lockwood made a submissible case on the issue of actual or constructive notice.

Jackson County designed and constructed the exercise trail, as well as assumed responsibility for maintaining the trail and exercise stations. The evidence also indicates that the upright supports at Exercise Station 10, as constructed by the county, were not firmly anchored in concrete, and that the horizontal bar in question was not affixed to the upright posts with bolts, screws, or fastening devices. Jackson County has had knowledge of these facts since the exercise trail was constructed in 1978. Furthermore, Jackson County's Superintendent of Planning and Development acknowledged there was a drainage problem on the trail at Exercise Station 10, and that if one of the upright supports became unstable it would probably make the apparatus un-

safe. In addition, the Director of Parks and Recreation for Jackson County testified that maintenance crews, the park foreman, and the park superintendent would all periodically check the exercise trail and stations. In its brief, Jackson County states that at the time of the incident in 1991, the county had "a policy to visually inspect the park and its equipment on at least a weekly basis."

From this evidence a jury could reasonably infer Jackson County knew or, by using ordinary care, could have known of the condition of Exercise Station 10 in time to remedy or warn of such condition. The jury's implicit finding under the verdict director that Jackson County had adequate notice of the dangerous condition will not be disturbed by this court, as appellate courts in Missouri do not weigh evidence. *Stevens v. Kliethermes,* 811 S.W.2d 447, 452 (Mo.App.1991). The first point is denied.

## II.

Jackson County next contends the trial court improperly admitted five photographs into evidence. It claims the photographs are unduly prejudicial and have no probative value because the photographs did not depict the exercise station in question, and were not taken on the date Lockwood was injured.

The admission of photographs lies within the sound discretion of the trial judge and will not be disturbed on appeal unless an abuse of discretion is shown. *Missouri Highway & Transp. Com'n v. Rockhill Development Corp.,* 865 S.W.2d 765, 770 (Mo. App.1993). Reversal will not be granted on the basis of errors in the admission of evidence absent a substantial and glaring injustice. *Id.* A photograph will not be rendered inadmissible simply because it was taken before or after an event and before or after changes occurred, if the extent of the changes is explained. *State ex rel. Mo. Highway & Transp. Com'n v. Vitt,* 785 S.W.2d 708 (Mo.App.1990).

The five photographs at issue, taken four days after the injury to Lockwood, depicted five different areas of the exercise trail, other than Exercise Station 10, in Sports Complex Park. The photographs

showed the exercise trail in disrepair, with various upright supports either broken or uprooted, and lying on the ground. Examination of the record reveals that the photographs were tendered by Lockwood and admitted during the plaintiff's cross-examination of parks and recreation director, Bettie Yahn–Kramer. On behalf of the county, Yahn–Kramer told the court about the county's inspection and regular maintenance of Sports Complex Park. She testified that maintenance crews were on regular mowing and maintenance schedules and would check the exercise stations as they went through the park. She also stated the park foreman and park superintendent would make periodic examinations, and that, whenever any park employee discovered equipment in need of repair, they would immediately remedy the problem, or barricade off the area if the problem could not be immediately repaired.

Before the photographs were admitted into evidence, the parties stipulated as to the foundation of the five photographs. The jury was informed that all five of the photographs were taken on June 5, 1991, by Lockwood's wife. The trial court informed the jury that Lockwood saw two of the five photographed areas on his way out of the park after his injury on June 1, 1991, and that Lockwood did not know whether or not the other three photographs depicted the appearance of those areas on June 1. The jury was further informed that none of the photographs were of Exercise Station 10.

The photographs were not offered to prove that the individual exercise station where Mr. Lockwood was injured was faulty, but rather to discredit the testimony of the park director by showing images of the park and several exercise stations in disrepair. The photographs contradict Yahn–Kramer's testimony of Jackson County's attentive maintenance policy. The parties' stipulation adequately explained to the jury that the photos were taken four days after the injury. Jackson County has not demonstrated that admission of the photographs was an abuse of discretion or that such admission constituted a substantial and glaring injustice. The foundation of the photographs was sufficient

and they were relevant to discredit the county's maintenance policy. Point II is denied.

### III.

Jackson County claims that the MAI instructions should have been modified to include a finding that Mr. Lockwood's injury was reasonably foreseeable. Generally, the trial court should not deviate from instructing the jury with the approved Missouri forms when they are available. *Cova v. American Family Mut. Ins. Co.*, 880 S.W.2d 928, 930 (Mo.App.1994). Foreseeability of injury is an element considered by the court in determining whether a duty exists. *Williams v. City of Independence*, 931 S.W.2d 894, 897 (Mo.App.1996)(citing *Rothwell v. West Central Elec. Co-op., Inc.*, 845 S.W.2d 42, 43 (Mo.App.1992)). The trial court properly refused to alter the MAI instruction. Point III is denied.

JUDGMENT AFFIRMED.

All concur.